NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 16-4442

—————————

UNITED STATES OF AMERICA

v.

ANGEL CATALINO IVOSTRAZA-TORRES,

Appellant

—————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-16-cr-00138-001)
District Judge: Honorable Mitchell S. Goldberg

—————————

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2017

Before: AMBRO, KRAUSE, and RENDELL, *Circuit Judges*

(Opinion filed: November 17, 2017)

—————————

OPINION[*]

—————————

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*

Appellant Angel Catalino Ivostraza-Torres seeks resentencing on account of an inadvertent error in the form outlining his conditions of supervised release. Because Ivostraza-Torres provides no plausible reason why alteration of the erroneous supervised release condition would affect his sentence in any way, full resentencing is not warranted, but we will remand for the limited purpose of allowing the District Court to correct the form condition of supervised release.

## I.      Background

Ivostraza-Torres, 54, conspired to smuggle narcotics from Puerto Rico to Philadelphia, Pennsylvania by way of the United States Postal Service. The scheme, which involved the shipping of nearly one kilogram of cocaine within an Epson printer, came to an end when postal authorities discovered the cocaine, replaced it with a sham substance, and apprehended Ivostraza-Torres once the package was delivered in Philadelphia. In August 2016, Ivostraza-Torres pleaded guilty, without a plea agreement, to an information that charged him with one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and that categorized Ivostraza-Torres as a career offender based on his four prior cocaine-related convictions. *See* 21 U.S.C. § 851.[1]

---

[1] While Ivostraza-Torres argues that his career offender designation was inconsistent with then-existing Department of Justice policy, his argument appears baseless and would not, in any event, state a cognizable claim. *United States v. Wilson*, 413 F.3d 382, 389 (3d Cir. 2005) ("Department of Justice guidelines and policies do not create enforceable rights for criminal defendants").

Ivostraza-Torres' sentencing hearing was held in December 2016. As a career offender, he faced a mandatory minimum of 120 months and a minimum term of supervised release of eight years. *See* 21 U.S.C. § 841(b)(1)(B). The career-offender enhancement also elevated his Guideline range to 262-327 months. Ivostraza-Torres requested a variance because more than ten years had elapsed since his last conviction and because three of his four prior convictions were for very small quantities of cocaine. He also argued that at the "advanced age" of 54, Appellant's Br. 21, a Guidelines-range sentence would keep him in prison into his seventies. The Government opposed the variance and requested a Guidelines sentence.

After properly considering the Guidelines, the factors specified in 18 U.S.C. § 3553, and Ivostraza-Torres' request for a variance, the District Court imposed a sentence of 204 months' imprisonment followed by eight years of supervised release. As for the conditions of that release, the District Court stated: "While on supervised release, these standard conditions apply: He can't possess any illegal drugs or firearms. Credit reporting and DNA—credit reporting and drug testing is up to the discretion of the probation department." App. 69-70. It also filed, along with the judgment, the customary form from the Administrative Office of the United States Courts ("AO") that lists thirteen standard conditions of supervised release. Standard Condition 4 of that form provided that the defendant will "support his or her dependents and meet other family responsibilities." App. 5.

On appeal, Ivostraza-Torres challenges the imposition of Standard Condition 4 on the grounds that, about a month before his sentencing, the AO had updated the customary

3

form to remove that condition, and because the Seventh Circuit recently held that, to the extent the prior form required the defendant to "meet other family responsibilities," it was unconstitutionally vague and overbroad. *See United States v. Guidry*, 817 F.3d 997, 1009 (7th Cir.), *cert denied*, 137 S. Ct. 156 (2016).[2] As a result, Ivostraza-Torres argues that his sentence should be vacated entirely and "the matter remanded to permit the district court to consider shortening the length of imprisonment so as to fashion a meaningful financial support condition." Appellant's Br. 4. The Government agrees that remand is necessary, but only for the limited purpose of removing that language.

For the reasons outlined below, we agree with the Government.

## II. Discussion

In reviewing conditions of supervised release, we review the reasonableness of a condition against the § 3553(a) sentencing factors and allow "sentencing judge[s] . . . wide discretion in imposing terms of supervised release." *United States v. Albertson*, 645 F.3d 191, 196 (3d Cir. 2011). If an erroneous condition is imposed, this Court may direct a full resentencing, or may remand for a more limited purpose, "as the court considers appropriate." 18 U.S.C. § 3742(f)(1). We have directed district courts to conduct resentencings *de novo* when an interdependent count of an aggregate sentence is vacated or when the vacation of a count affects the "total offense level, Guideline range, or sentence" itself. *United States v. Ciavarella*, 716 F.3d 705, 735 (3d Cir. 2013). In cases involving the erroneous imposition of conditions of supervised release, however, we

---

[2] The Guidelines Manual now lists conditions regarding "support of dependents" as special conditions rather than standard ones. U.S.S.G. § 5D1.3(d) (amended November 1, 2016).

typically have remanded with instructions for the district court merely to eliminate or reformulate the conditions. *See, e.g.*, *United States v. Miller*, 594 F.3d 172, 188 (3d Cir. 2010).

Here, because the Government "concedes that the condition that the defendant 'meet other family responsibilities' is impermissibly vague, and that the [D]istrict [C]ourt erred in using the superseded form," Gov't Br. 15., the only dispute concerns the scope of remand. We easily conclude, however, that only a limited remand is warranted.

As a threshold matter, Ivostraza-Torres does not meet the standard under *Ciavarella*, 716 F.3d at 734-35, for *de novo* resentencing. Nothing in the record indicates that any part of Ivostraza-Torres' sentence was based on erroneous factfinding, and he pleaded guilty to and was sentenced on a single count, so no interdependent counts potentially alter his sentence.

Ivostraza-Torres' three arguments for a full remand also are unpersuasive. First, while he contends we should remand for resentencing on account of the "interplay between prison time and the term of supervised release," *Albertson*, 645 F.3d at 198, unlike in *Albertson* the term of supervised release is not at issue on appeal; the District Court imposed the mandatory minimum of eight years, and there is ample evidence that in granting Ivostraza-Torres' motion for variance, the District Court adequately considered the § 3353(a) factors, including Ivostraza-Torres' "advanced age," his large number of relatives, and the minor nature of some of his earlier crimes. App. 54-66; 68. Second, although we reject Ivostraza-Torres' invitation to apply the Seventh Circuit's standard, which would call for resentencing when reconsideration of a condition of

5

supervised release "may conceivably induce" the judge to "alter the prison sentence that he imposed," *United States v. Thompson*, 777 F.3d 368, 382 (7th Cir. 2015), Ivostraza-Torres provides no valid reason why the District Court here would conceivably be induced to alter his sentence. Third, it is not our Court's practice to look to the "cross-cutting" effects between the conditions of supervised release and the length of imprisonment, as Ivostraza-Torres urges us to do in view of *United States v. Anglin*, 846 F.3d 954, 971 (7th Cir. 2017), *vacated on other grounds*, No. 16-9411, 2017 WL 2378833 (U.S. October 2, 2017). And in any event, Ivostraza-Torres fails to recognize that the *Anglin* Court ordered a limited remand to clarify supervised release conditions, not a full resentencing. *Id.* at 972.

In sum, Ivostraza-Torres' only valid claim of error is the inadvertent inclusion of impermissible language in a standard condition of supervised release, the alteration of which will not affect his offense level, his Guideline range, or the remainder of his sentence in any way. Because *de novo* resentencing is not warranted, we will remand to the District Court for the limited purpose of deleting the "meet other family responsibilities" language from Standard Condition 4. *See* 18 U.S.C. § 3742(f)(1).

For the foregoing reasons, we will remand to the District Court for proceedings consistent with this opinion.

6